UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MENDY P. HAWKINS,

    Plaintiff,

v.                                      Case No.:

COOLSYS COMMERCIAL &
INDUSTRIAL SOLUTIONS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mendy P. Hawkins, ("Plaintiff"), sues the Defendant, CoolSys Commercial & Industrial Solutions, Inc., ("Defendant"), and alleges as follows:

1. This action arises under the Family and Medical Leave Act of 1993 ("FMLA"). The Court has jurisdiction of Plaintiff's claims under the FMLA pursuant to 28 U.S.C. Section 1331.

2. Plaintiff is a resident of Lee County, Florida. She was employed by the Defendant as a Warehouse Inventory Manager and later a coordinator in Ft. Myers, Lee County, Florida.

3. Defendant is a Foreign for-profit corporation headquartered in California.

4. At all times material to the allegations of this Complaint, Defendant was an "employer in an industry affecting commerce," within the meaning of the FMLA, and had fifty or more employees for each working day during each of twenty or more calendar workweeks in 2020 and 2021. Plaintiff was employed by the Defendant for at least twelve months and had more than 1,250 hours of service as of August 2021. As a result, Plaintiff was an eligible for leave under the FMLA.

5. Plaintiff brings an unpaid overtime claim pursuant to the FLSA to recover back wages, liquidated damages and reasonable attorneys' fees and costs. Jurisdiction over this action is founded upon §216(b) of the FLSA and 28 U.S.C. §1337. The authority of the Court to grant declaratory relief under the FLSA is pursuant to 28 U.S.C. §2201 et seq. Plaintiff's claim for unpaid wages under state law is brought within the pendent jurisdiction of the court.

6. The acts and omissions that give rise to this action occurred in Ft. Myers, Lee County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391(b).

7. At all times relevant to this action Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL FACTUAL ALLEGATIONS

8. On February 21, 2020, Plaintiff was hired by Defendant. During the term of her employment, Defendant maintained an FMLA leave policy.

9. Plaintiff worked for Defendant a sufficient period of time to make her eligible for leave under the FMLA as of July and August of 2021.

10. Beginning in July of 2021 Plaintiff suffered from severe stomach pain and issues with her kidneys and was hospitalized at Gulf Coast Hospital. Plaintiff was diagnosed with renal kidney stones. Based upon her medical providers prognosis, Plaintiff placed Defendant's management on notice of her need for leave. In August of 2020, Plaintiff informed her Manager, Christina Moss, that she had a doctor's appointments and that her physician would be completing the FMLA paperwork.

11. Plaintiff's physician Kenneth A. Berdick, M.D. completed Plaintiff's FMLA paperwork. Plaintiff notified the CoolSys Leave Center that her doctor had completed the FMLA

2

paperwork and sent the paperwork to the leave center.

12. As of July, and August of 2020, Plaintiff was qualified and eligible for leave under the FMLA.

13. On August 20, Plaintiff arrived at work. She was told that the company had received her FMLA paperwork. Plaintiff was then terminated.

14. Plaintiff was never written up for any work-related performance problems or issues.

## COUNT I – VIOLATION OF FMLA

15. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above.

16. This is an action based on the FMLA for interference and retaliation. The Act entitles eligible employees to a total of twelve workweeks of leave during any twelve-month period for, among other things, the care and treatment of a serious or chronic health condition.

17. In July and August, Plaintiff suffered a serious or chronic health condition as defined by the FMLA. She gave notice to Defendant that she was in need of leave under the FMLA and would be applying for same.

18. Plaintiff was a qualified and eligible employee who was entitled to leave under the FMLA. Plaintiff was employed by the Defendant for more than twelve months and had worked the requisite number of hours. Defendant had notice from Plaintiff that she was in need of leave under the FMLA.

19. On August 20, 2021, Plaintiff was terminated.

20. Defendant violated the FMLA by interfering with Plaintiff's rights under the FMLA. Defendant violated the FMLA by refusing to permit Plaintiff to take leave and by not permitting her to return to work, after leave, in the same or comparable position. In addition, Defendant retaliated

3

against Plaintiff by terminating her employment.

21. Defendant's termination of Plaintiff was in willful violation of the FMLA.

WHEREFORE, Plaintiff's employment demands judgment against Defendant for damages, including but not limited to, back pay, lost benefits such as 401(k) and insurance, front pay, severance, pre-judgment interest, and liquidated damages. Furthermore, Plaintiff demands that Defendant reinstate her to her previous position, or an equivalent position, and restore all employment benefits previously enjoyed by Plaintiff, award attorney's fees and costs, and other relief as may be appropriate under the FMLA.

### COUNT II – RECOVERY OF UNPAID WAGES

22. Plaintiff incorporates the allegations set forth in paragraphs 1 through 14 above.

23. Defendant wrongfully deprived Plaintiff of wages to which she was lawfully entitled. Plaintiff was continually told to clock out after 43 hours per week, but then required to perform work for which she was not compensated.

24. Pursuant to Section 448.08, Florida Statutes, Plaintiff, has been damaged as a result of Defendant's failure to pay all wages to which she was entitled.

25. Pursuant to Section 448.08, Florida Statutes, Plaintiff, is entitled to the costs of this action and a reasonable attorneys' fee.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages found to be due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action, and any all further relief this Court deems just and appropriate.

### COUNT I: FLSA (Overtime Compensation)

26. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 14 above.

27. In many workweeks during the relevant period Plaintiff worked in excess of forty (40) hours per week for Defendant. In those workweeks, Plaintiff was not paid straight time or overtime compensation by Defendant when she worked over 43 hours in a workweek as required by §207 of the FLSA. Plaintiff was continually told to clock out after 43 hours per week, but then required to perform work for which she was not compensated. The work required or performed after she clocked out involved attending meetings, responding to emails and calls and other work that Defendant's management either knew (i.e., scheduled meetings) or had reason to know had to be completed.

28. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, for all hours worked in excess of forty (40) within a workweek.

29. As a direct and proximate result of Defendant's failure to pay straight time and overtime compensation, Plaintiff has been damaged in the loss of wages due, and has incurred and is incurring costs and reasonable attorneys' fees.

30. Defendant's failure to pay straight time and overtime was deliberate, willful and without good faith or any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of unpaid straight time and overtime compensation, and may seek recovery dating back three (3) years from the filing of this action.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages (unpaid straight and overtime compensation), liquidated damages (double damages) and attorneys' fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY**

*[Signature]*

Ronald W. Fraley
Florida Bar No.: 0747025
The Fraley Firm, P.A.
412 East Madison Street, Suite 1213
Tampa, Florida 33602
Ph: 813.229.8300
rfraley@fraleylawfirm.com
Attorney for Plaintiff